**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHANDELLE MORRIS, Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | Civil Action No. 18-17531 (MAS) **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Chandelle Morris's ("Plaintiff") appeal from the final decision of Andrew Saul,[1] Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying Plaintiff's application for social security income ("SSI"). (Compl., ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms the Administrative Law Judge's ("ALJ") decision.

---

[1] Nancy A. Berryhill previously served as Acting Commissioner of the Social Security Administration. Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019.

## I. BACKGROUND

### A. Procedural History[2]

Plaintiff applied for SSI, alleging disability based on post-traumatic stress disorder, bipolar disorder, attention deficit hyperactivity disorder, suicidal tendencies, psychosis, self-mutilation, panic attacks, anxiety, and depression, and alleging a disability onset date of February 28, 2016. (AR 186, 190.) Plaintiff's application was denied initially and upon reconsideration. (*Id.* at 64-94.) The ALJ conducted an administrative hearing on October 4, 2018, following which the ALJ issued a decision finding that Plaintiff was not disabled. (*Id.* at 10-34, 40-63.) The Appeals Council denied Plaintiff's request for review on November 8, 2018. (*Id.* at 1-6.) On December 21, 2018, Plaintiff filed an appeal to the District Court of New Jersey (ECF No. 1), and the case was assigned to former Chief Judge Jose L. Linares, U.S.D.J. Plaintiff filed her moving brief on May 4, 2019. (ECF No. 12.) On May 16, 2019, this case was reassigned to the Undersigned for all further proceedings. (ECF No. 13.) The Commissioner filed opposition on June 13, 2019 (Def.'s Opp'n Br., ECF No. 14), and Plaintiff filed a reply on June 19, 2019 (ECF No. 15).

### B. The ALJ's Decision

On October 17, 2018, the ALJ rendered a decision. (AR 13-34.) The ALJ set forth the Social Security Administration's five-step sequential process for determining whether an individual is disabled. (*Id.* at 13-15.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since February 28, 2017, the application date. (*Id.* at 15.) At step two, the ALJ found that Plaintiff had the severe impairments of "cervical degenerative disc

---

[2] The Administrative Record ("AR") is located at ECF Nos. 8-1 through 8-8. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

disease, lumbar degenerative disc disease, bipolar disorder, generalized anxiety disorder[,] and a history of substance abuse." (*Id.* at 15.) The ALJ also found that the following conditions did not constitute severe impairments: Baker's cyst; fibromyalgia; headaches; Hepatitis C; lipoma; osteoarthritis of the knees, hips, and ankles; paresthesias; right shoulder numbness; and ulcerative proctitis. (*Id.* at 16-21.) According to the ALJ, the record did not support a conclusion that the conditions caused significant vocationally relevant limitations at all times relevant to the decision. (*Id.* at 16.)

At step three, the ALJ determined that none of Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 21.) The ALJ next found that Plaintiff possessed the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except that she can handle, finger[,] and feel frequently bilaterally. She can climb ramps and stairs and crawl occasionally[;] never climb ladders, ropes or scaffolds[;] and frequently balance, stoop, kneel, and crouch. She can never work at unprotected heights or with hazardous machinery. She can perform simple, routine[,] and repetitive tasks with occasional interaction with co-workers and no interaction with the general public.

(*Id.* at 24.)

At step four, the ALJ found that Plaintiff has no past relevant work. (*Id.* at 33.) At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of

3

the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000); *Jones v. Sullivan*, 954 F.2d 125, 127-28 (3d Cir. 1991); *Daring v. Heckler*, 727 F.2d 64, 68 (3d Cir. 1984). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (internal citation omitted).

## B. Establishing Disability

To be eligible for entitlements under the Social Security Act, a claimant must be unable "to engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 416.920(a)(4). The first step considers a claimant's work activity, if any. 20 C.F.R. § 416.920(a)(4)(i). To satisfy the first step, the claimant must establish that she has not engaged in any SGA since the onset of her alleged disability. *Id.* At the second step, the claimant must establish that she suffers from a severe impairment or "combination of impairments." 20 C.F.R. § 416.920(a)(4)(ii). If the claimant satisfies her burden, she proceeds to the third step. The third step of the evaluation procedure requires the claimant to provide evidence that her impairment is listed in Appendix 1 of the regulations or is equal to a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed disabled and is automatically entitled to benefits. *Id.* If her claim falls short, the eligibility analysis proceeds to step four.

The fourth step of the analysis requires the ALJ to determine whether the claimant's RFC permits her to resume her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). "A claimant's RFC measures 'the most [she] can do despite [her] limitations.'" *Zirnsak*, 777 F.3d at 611 (citing 20 C.F.R. § 404.1545(a)(1)). If the ALJ determines that the claimant cannot resume her past relevant work, the burden shifts to the ALJ to show "the existence of other available work that the claimant is capable of performing." *Zirnsak*, 777 F.3d at 612 (citations omitted). The ALJ must show at step five that "given [the] claimant's age, education, and work experience, he or she can still perform specific jobs that exist in the national economy." *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984) (citing *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979)); *see also* 20 C.F.R. § 404.1560.

## III. DISCUSSION

### A. The Parties' Positions

Plaintiff argues that the ALJ erred in determining, at step two of the sequential analysis, that Plaintiff's fibromyalgia, headaches, numbness, Hepatitis C, and osteoarthritis were non-severe and in failing to consider the effect of the combination of all of Plaintiff's impairments. (Pl.'s Moving Br. *2.)[3] Plaintiff also argues that the ALJ failed to properly evaluate: her symptoms; the side effects of her medications; her non-exertional impairments and their impact on Plaintiff's ability to perform work; and her RFC. (*Id.* at *11-18.)

Defendant argues that the ALJ's step two finding is supported by substantial evidence. (Def.'s Opp'n Br. 6.) Defendant also argues that any potential error at step two is harmless because Plaintiff referenced no evidence to support a finding that any of her non-severe impairments resulted in limitations beyond those accounted for in the RFC assessment. (*Id.* at 6-7.) In addition,

---

[3] Because Plaintiff's brief does not contain page numbers, the Court references the ECF page numbers located at the top of Plaintiff's moving brief.

Defendant argues that the ALJ carefully weighed Plaintiff's subjective symptoms and followed the two-step method for evaluating Plaintiff's symptoms. (*Id.* at 7.) Finally, Defendant argues that Plaintiff's RFC fully accounts for Plaintiff's non-exertional limitations. (*Id.* at 11-12.)

### B. The ALJ's Findings Were Supported by Substantial Evidence.

#### 1. Step Two Findings

The claimant bears the burden of establishing a severe impairment at step two. *Bowen v. Yuckert*, 482 U.S. 137, 146-49 n.5 (1987). Plaintiff argues that the ALJ "failed to consider [her non-severe impairments] in combination to determine whether they would[,] in combination with the other non-severe impairments[,] reach the level to be considered severe" and "failed to consider the combination of all of [Plaintiff's] impairments[,] both severe and non-severe[,] in deciding whether [Plaintiff] was disabled." (Pl.'s Moving Br. *10.)

The Court does not find Plaintiff's arguments regarding the ALJ's step two determination persuasive. Here, the ALJ engaged in an extensive discussion regarding the non-severe impairment findings. With respect to Plaintiff's fibromyalgia, the ALJ discussed: (1) Dr. Arora's July 21, 2017 consultative examination; (2) Plaintiff's June 24, 2018 fibromyalgia treatment at Riverview Medical Center; (3) the 1990 ACR Criteria for the Classification of Fibromyalgia; and (4) the 2010 ACR Preliminary Diagnostic Criteria. (AR 20-21.) In reaching her determination, the ALJ noted that Plaintiff was diagnosed with fibromyalgia on one occasion in a hospital emergency room in 2018. (*Id.* at 21.) The ALJ also indicated that "[a] detailed description of the treatment [Plaintiff] received that day remains absent from the medical record as [Plaintiff] provided only summaries of the emergency room visits she underwent during the period at issue." (*Id.*) The ALJ, accordingly, found that even though Plaintiff received a fibromyalgia diagnosis by an acceptable medical

source, Plaintiff's fibromyalgia is not a medically determinable impairment based on her evaluation of the impairment criteria. (*Id.*)

With respect to Plaintiff's headaches, the ALJ set forth Plaintiff's testimony that she has a migraine headache every day. (*Id.* at 17.) The ALJ discussed Plaintiff's April 2017 treatment at Monmouth Medical Center for a sinus headache and sinusitis. (*Id.*) In reaching her determination, the ALJ stated that Plaintiff had not been diagnosed with migraine headaches during the period at issue. (*Id.*) In addition, Plaintiff had not been referred to a neurologist, had not been prescribed commonly-prescribed medications for migraines, and had not sought continuous treatment for headache pain other than the brief period of treatment for the sinusitis symptoms in April 2017. (*Id.*) The ALJ, accordingly, found that Plaintiff's headaches did not constitute a severe impairment. (*Id.*)

As to Plaintiff's numbness, the ALJ noted that Plaintiff was diagnosed with right shoulder numbness on May 28, 2017. (*Id.* at 16.) In reaching the non-severe impairment determination, the ALJ stated that Plaintiff has not undergone a right shoulder imaging study and there is no indication that Plaintiff was referred to an orthopedist or involved in conservative treatment. (*Id.* at 17.) The ALJ, accordingly, found that the medical record suggests that the numbness resolved with time and does not cause more than a minimal impact on Plaintiff's functioning. (*Id.*) The ALJ also noted that she assigned manipulative limitations and a light level of exertion to Plaintiff's RFC in consideration of Plaintiff's subjective complaints. (*Id.*)

With respect to Plaintiff's Hepatitis C, the ALJ stated that Plaintiff has never undergone treatment for the impairment. (*Id.* at 18.) The ALJ noted that, aside from her alkaline phosphate level, Plaintiff's liver function studies are within normal limits despite the absence of treatment.

(*Id.*) The ALJ also stated that Plaintiff has not undergone fibrosure scoring or a liver biopsy. (*Id.*) The ALJ, accordingly, found that Plaintiff's Hepatitis C is not severe. (*Id.*)

With respect to Plaintiff's osteoarthritis, the ALJ stated that Plaintiff underwent treatment for chronic joint pain at Monmouth Medical Center on March 20, 2017. (*Id.* at 19.) Plaintiff, however, only provided summaries of the emergency room visit as opposed to a detailed treatment description. (*Id.*) The ALJ noted that, less than twelve months after the emergency room visit, Plaintiff underwent an evaluation with Dr. Arora, "which established no deficits in her lower extremity functioning." (*Id.* at 19-20.) In addition, Plaintiff has not sought joint pain treatment since that time and has not established how her osteoarthritis affects her ability to perform work-related activities. (*Id.* at 20.) Finally, the ALJ indicated that she assigned Plaintiff a light level of exertion in her RFC with additional postural and environmental limitations in consideration of Plaintiff's subjective complaints. (*Id.*)

Here, the ALJ engaged in an extensive discussion with respect to Plaintiff's severe and non-severe impairments. In addition, the ALJ's decision reflects that she considered Plaintiff's impairments individually and in combination. (*Id.* at 21-22.) The Court, accordingly, finds that the ALJ's step two findings were supported by substantial evidence.

2. <u>The ALJ's Additional Findings</u>

The Court finds that the ALJ's additional findings regarding Plaintiff's subjective complaints, Plaintiff's non-exertional impairments, the side effects of Plaintiff's medications, and Plaintiff's RFC were all supported by substantial evidence.

"An ALJ must give great weight to a claimant's subjective testimony of the inability to perform even light or sedentary work when [such] testimony is supported by competent medical evidence." *Schaudeck*, 181 F.3d at 433. The ALJ, however, "can reject such claims if [s]he does

9

not find them credible" and if she adequately discusses the reasons behind her findings. *Id.* (citing *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)). In reaching a decision, an ALJ must evaluate the evidence and explain the reasons for accepting or rejecting evidence. *Cotter*, 642 F.2d at 706-07. Nevertheless, the ALJ is provided latitude to deliver a decision in the format she considers most appropriate while maintaining the requirement that she provide the opportunity for meaningful court review. *Jones v. Barnhart*, 364 F.3d 501, 504-05 (3d Cir. 2004). Ultimately, it is not the Court's role to re-weigh the evidence, either against or in favor of Plaintiff, or "impose [its] own factual determinations." *Chandler v. Comm'r*, 667 F.3d 356, 359 (3d Cir. 2011) (citing *Richardson*, 402 U.S. at 401).

Plaintiff's arguments regarding the ALJ's alleged errors are not persuasive. For each of the ALJ's alleged errors, Plaintiff sets forth general propositions, supports those propositions with references to caselaw, and then asserts conclusory arguments with respect to her case. Plaintiff does not provide specific references to the ALJ's alleged oversights and does not explain how any of the alleged oversights would have ultimately changed Plaintiff's RFC. For example, with respect to Plaintiff's medications, Plaintiff argues that "[t]he evidence is replete with documentation of the side effects from [Plaintiff's] many medications." (Pl.'s Moving Br. *14.) Plaintiff further argues that

> [t]he ALJ did not even mention many many of the medications that [Plaintiff] took let alone discuss the effects these medications had. [Plaintiff] certainly had numerous side effects from her numerous medications. The ALJ did not follow the regulations in analyzing the effects of the medication and its effect on [Plaintiff's] RFC or ability to work.

(*Id.* at *15.) In support of Plaintiff's assertions, however, Plaintiff references AR 253 and AR 262-63, two documents that simply list Plaintiff's medications. (*Id.*) (*See* AR 253, 262-63.)

Plaintiff does not cite any evidence documenting medication side effects or functional limitations that are not accounted for in her RFC.

Likewise, with respect to Plaintiff's subjective complaints, Plaintiff's argument consists of a regurgitation of regulations and caselaw with general arguments, such as:

- "The ALJ failed to properly evaluate [Plaintiff's] subjective complaints of pain and anxiety";

- "The ALJ not only failed to consider all the regulatory factors required in evaluating subjective complaints, but her finding that [Plaintiff] was not totally credible is not based on substantial evidence";

- "The ALJ's credibility finding is not based on substantial evidence because contrary to the ALJ's finding, the evidence of record supports [Plaintiff's] subjective complaints;

- [Plaintiff's] limited daily activities are not in any way inconsistent with the finding that she cannot perform sustained work activity"; and

- "[Plaintiff's] testimony is consistent with the medical evidence."

(Pl.'s Moving Br. *10-13.) Plaintiff again fails to cite any record evidence to support a finding that she had more limitations than assessed in her RFC. Plaintiff's argument format is similar with respect to each of the ALJ's alleged errors.[4] After a careful review of the record in the present case, the Court finds Plaintiff's arguments unpersuasive.

It is clear from the ALJ's decision that the ALJ considered Plaintiff's symptoms and subjective complaints. The ALJ also considered Plaintiff's non-exertional limitations in crafting

---

[4] To the extent that Plaintiff's arguments incorporate Plaintiff's Statement of Facts, the Court notes that the facts cited in Plaintiff's Statement of Facts are entirely drawn from the ALJ's decision. It is clear, therefore, that the ALJ evaluated all of Plaintiff's alleged facts. To the extent Plaintiff's arguments incorporate the "Medical Evidence" section of Plaintiff's Moving Brief, Plaintiff does not argue how any of the cited medical evidence would change Plaintiff's RFC.

Plaintiff's RFC. For example, the ALJ recognized Plaintiff's complaints of fatigue and joint pain. (AR 19-20.) The ALJ also set forth Plaintiff's testimony that

> [s]he is depressed a lot and gets counseling . . . . She is fearful of going outside in Long Branch, where she used to reside . . . . [S]he spends a lot of time in her room and watches her phone . . . . [S]he has fibromyalgia and her feet burn. She is undergoing physical therapy for her back. She feels as if her spine is going to collapse. She has fibro-fog. She hurts wherever she has a nerve.

(*Id.* at 25.) The ALJ noted Plaintiff's various medications, including Bentyl, Klonopin, Lamictal, Methadone, Naproxen, Pepcid, Toradol, Trazadone, Vistaril, and Zoloft. (*Id.* at 18-31.) In addition, the ALJ discussed the lack of underlying treatment notes in the record. (*Id.* at 31-32.) The ALJ stated that Plaintiff's "prescription history reveals several prescribers[] whose treatment notes have not been submitted for review (Exhibits 6E and 12E)." (*Id.* at 31.) The ALJ also stated:

> [T]he only detailed treatment notes for [Plaintiff] during the relevant period beginning in February 2017 and continuing to the date of this decision[] include a treatment note for March 20, 2017 and a consultative examination performed in August 2017 (Exhibits 11F and 16F). Otherwise, [Plaintiff] did not appear for treatment[;] only prescription records are available or summaries of treatment in emergency rooms or otherwise have been provided. These all reflect little detail regarding [Plaintiff's] mental functioning and are found not to be persuasive in reaching a conclusion about disability in this instance.

(*Id.* at 32.)

The ALJ in the present manner provided a comprehensive discussion of the evidence of record, including the weight provided to the opinion evidence. (*Id.* at 32-33.) The Court has carefully reviewed the record in the present case and finds that the ALJ evaluated the evidence in a sufficiently thorough manner for the Court to perform a meaningful review and to find that her decision was supported by substantial evidence. Here, the ALJ's decision demonstrates that she

considered the record evidence and catalogued the relative weight and reasons behind her various findings. The Court, accordingly, finds good cause to affirm the ALJ's decision.

IV. **CONCLUSION**

For the foregoing reasons, the decision of the ALJ is affirmed. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** January 31, 2020